### HENDRICK et al. v. DISTRICT OF COLUMBIA.

#### No. 10447.

United States Court of Appeals
District of Columbia Circuit.

Argued April 12, 1950.

Decided July 31, 1950.

Mr. Caesar L. Aiello, Washington, D. C., for petitioners.

Mr. Harry L. Walker, Assistant Corporation Counsel, D. C., with whom Messrs. Vernon E. West, Corporation Counsel, D. C., and Chester H. Gray, Principal Assistant Corporation Counsel, D. C., were on the brief for respondent.

Before EDGERTON, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

The District of Columbia levied an unincorporated business franchise tax on petitioners under 47 D.C.Code, § 1574(b).[1] Exempted from that tax are all those engaged in "any trade or business which by law, customs, or ethics cannot be incorporated".[2] It is within the "customs" exemption that petitioners seek to bring their stock bro-

---

1. That section, found in the 1949 Supplement to the Code, reads:

    "For the privilege of carrying on or engaging in any trade or business within the District and of receiving income from sources within the District, there is hereby levied for each taxable year a tax at the rate of 5 per centum upon the taxable income of *every unincorporated business*, whether domestic or foreign (except those expressly exempt under section 47-1554)." [Emphasis supplied.]

2. For the purposes of the tax, an unincorporated business is defined as

    " * * * any trade or business, conducted or engaged in by any individual, whether resident or nonresident, statutory or common-law trust, estate, partnership, or limited or special partnership, society, association, executor, administrator, receiver, trustee, liquidator, conservator, committee assignee, or by any other entity or fiduciary, other than a trade or business conducted or engaged in by any corporation; and include any

kerage business, which they conduct as a partnership under the nameW. B. Hibbs & Company. The partnership is not a member of the New York Stock Exchange, but does business there through one of its partners, who is a member. After paying the tax under protest, the issue was decided against petitioners by the Board of Tax Appeals.

Petitioners' argument, briefly stated, is that, historically, stock brokerage has been conducted by individuals rather than corporations and that petitioners' principal source of business, the New York Stock Exchange, bars membership to corporations.[3] They would have us draw from these circumstances the conclusion that their business is one which by "customs * * * cannot be incorporated."

As we view the case, it is neither law nor custom which prevents stock brokers from incorporating, but rather their own concern for maintenance of a sound competitive position. It may well be that, without membership on the New York Stock Exchange, petitioners could not operate profitably. For example, since corporations are ineligible to membership on the Exchange, they would have to deal through member brokers. The customer of a corporate broker would then have to pay two commissions—one to the corporate broker and one to the member broker—because Exchange members are forbidden to grant rebates to those forwarding business to them.[4] Although the present rules of the Exchange make incorporation undesirable, they do not bring with them the conclusion that petitioners *cannot* incorporate within the meaning of this tax statute. If they wished to do so, they would find that neither the general incorporation statute of the District of Columbia,[5] specific statutes, nor a body of case law erect any barrier.[6]

As we understand the statute, it refers to customs in the technical sense—those having the force of law—such as the concepts of the law merchant which have been assimilated into our law of commercial transactions. Clearly included within the exemption because of "customs, or ethics" are lawyers and medical doctors who, by reason of the peculiarly confidential and fiduciary nature of their pursuits, are necessarily held to individual responsibility.[7] In contrast, stock brokerage is little

trade or business which if conducted or engaged in by a corporation would be taxable under sections 47-1571 to 47-1571a. *The words 'unincorporated business' do not include any trade or business which by law, customs, or ethics cannot be incorporated* or any trade or business in which more than 80 per centum of the gross income is derived from the personal services actually rendered by the individual or members of the partnership or other entity in the conducting or carrying on of any trade or business and in which capital is not a material income-producing factor."

47 D.C.Code, § 1574 (1949 Supp.) [Emphasis supplied.]

3. The Board's Finding No. 10 states that "The New York Stock Exchange has been in existence since 1817. It has always denied membership to corporations."

4. Article XV of the Constitution of the New York Stock Exchange provides that commissions

" * * * shall be at rates not less than the rates in this Article prescribed; and shall be net and free from any rebate, return, discount or allowance made

in any shape or manner, or by any method or arrangement direct or indirect. No bonus or percentage or portion of a commission, whether such commission be at or above the rates herein established, or any portion of a profit except as may be specifically permitted by the Constitution or a rule adopted by the Board of Governors, shall be given, paid, or allowed, directly or indirectly, or as a salary or portion of a salary, to a clerk or person for business sought or procured for any member or allied member of the Exchange or member firm."

5. See Title 29 of the D.C.Code of 1940.

6. Such a barrier clearly exists with respect to lawyers. See Merrick v. American Security & Trust Co., 1939, 71 App.D.C. 72, 73, 107 F.2d 271, 272, certiorari denied 1940, 308 U.S. 625, 60 S.Ct. 380, 84 L.Ed. 521, where we said, "Although no statute here forbids corporations to 'practice law,' we assume that they may not do so and that a court may restrain them from doing so."

7. See 1 Fletcher, Corporations, § 97 (1931); cf. Silver v. Lansburgh & Bro.,

different from any business whose activities are essentially those of agents for purchase and sale. Since it has long been settled that a corporation may act as an agent for such purposes,[8] there is no inherent bar to petitioners' incorporating.

The ephemeral nature of the alleged bar to incorporation is indicated by the fact that the New York Stock Exchange may at any time change its rules so that corporations may be admitted to membership.

In fact, such a revision appears to have been considered from time to time.[9] It is also worthy of note that (1) the New York Stock Exchange does permit corporations to engage in over-the-counter transactions, collect interest on margin accounts, and, with the consent of the Exchange, permits a member to act as broker for a corporation; (2) some stock exchanges do admit corporate brokers as members.[10]

The Board's decision is affirmed.

---

1940, 72 App.D.C. 77, 111 F.2d 518, 128 A.L.R. 582.

8. 6 Fletcher, Corporations, § 2600 (1950).

9. Petitioners' brief, p. 25, refers to the following: " * * * in a nation-wide poll taken of its members this year, the New York Stock Exchange again voted down overwhelmingly a proposal to amend its by-laws to allow corporations to become members."

10. The Government refers us to an article in Business Week, August 27, 1949, describing a new midwest stock exchange which "will welcome small-town incorpo-

rated investment houses" to membership. See also the Securities and Exchange Act of 1934, 15 U.S.C.A. § 78c(a) (4) and (9), which defines "broker" to mean "*any person* engaged in the business of effecting transactions in securities for the account of others" and defined "person" to mean "an individual, a corporation, a partnership, an association, a joint-stock company, a business trust, or an unincorporated organization." (Emphasis supplied.) With regard to the Washington Stock Exchange, one of the petitioners, Paul Rodler, testified that "there are probably four or five small houses that are incorporated." (Tr. p. 39).